HAMAR & HAMAR
A Professional Corporation
Attorneys at Law
9454 Wilshire Blvd, Penthouse
Beverly Hills, CA 90210
(310) 550-0460, fax 310-550-0461
hamar@pacbell.net

MARIA RIVAS HAMAR, Bar no. 152751
Attorney for the Consulate of Colombia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA ,
Petitioner.

v.

FELIPE CAICEDO BARRAGAN

Defendant.
_______________________________/

**CASE NO. 3:06CR01401-JAH-1**
**NOTICE OF FILING OF EXTRADITION DOCUMENTS BY THE CONSULATE OF COLOMBIA RE: DEFENDANT FELIPE CAICEDO BARRAGAN ; TRANSLATION OF RESOLUTION ; SPANISH DOCUMENT FILED SEPARATELY DUE TO SIZE OF DOCUMENT**

**COMES NOW,** the Consulate of Colombia, through their counsel, Maria Rivas Hamar, Esq. and as requested by the Ministry of Foreign Relations of Colombia, hereby files the following document related to the extradition of Defendant **FELIPE CAICEDO BARRAGAN** :

- Translation of Resolution Number 0096 of March 26, 2009. Spanish version filed separately due to size of document.

Dated: June 1, 2010

/s/ MARIA RIVAS HAMAR, ESQ.
/s/MARIA RIVAS HAMAR, ESQ.
ATTORNEY FOR THE COLOMBIAN CONSULATE
hamar@pacbell.net

**TRANSLATION FROM SPANISH INTO ENGLISH OF A SEVEN-PAGE LEGAL-SIZE DOCUMENT BY MERYAM ADAM J. ON NOVEMBER 30, 2009.**

EVERY PAGE IS ENCLOSED IN BLACK BORDER AND HAS A BLACK INK STAMP AT THE BOTTOM: "MINISTRY OF THE INTERIOR AND OF JUSTICE - THIS IS A COPY OF THE ORIGINAL REGISTERED IN THE FILES OF THIS MINISTRY" (ILLEGIBLE SIGNATURE).

**PAGE 1:**

**REPUBLIC OF COLOMBIA (COAT OF ARMS) – MINISTRY OF THE INTERIOR AND OF JUSTICE**

**RESOLUTION N° 096, MARCH 26, 2009**

By which a petition for extradition has been decided

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**

By the faculties conferred under Article 509 of Law 600 of 2000, and

**CONSIDERING:**

1. Whereas, in Verbal Note N° 2612 of August 30, 2007, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention of the Colombian citizen **FELIPE CAICEDO BARRAGÁN** with the purposes of extradition, who is required to stand trial for federal crimes of narcotics.

2. Whereas, the Attorney General of the Nation through Resolution dated September 20, 2007, ordered the arrest of **FELIPE CAICEDO BARRAGÁN,** holder of Colombian I.D. N°



Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
c.c. 52.252.613
Resolución 0526 del 11 de Junio de 2002 del Ministerio

6.499.496 with the purpose of extradition, which was made effective on July 2, 2008 by members of the National Police.

3. Whereas, the Embassy of the United States of America in our country, through Verbal Note N° 2502 of August 28, 2008, formalized the petition for extradition of the citizen **FELIPE CAICEDO BARRAGÁN.**

The above mentioned Note states as follows:

"*Felipe Caicedo Barragán is required to stand trial for federal crimes of narcotics. He is subject to second superseding indictment No. 06CR1401-JAH dictated May 25, 2007 in the District Court of the United States for the Southern District of California through which he is accused of:*

***Count One:*** *Conspiracy to possess with intent to distribute five or more kilograms of a controlled substance (cocaine) on board a vessel subject to the jurisdiction of the United States and aiding and abetting such crime, in violation of Title 46, Section 1903 (a) and (j) of the United States Code Appendix, against Title 18, Section 2, United States Code.*

**RESOLUTION N° 096**

**PAGE 2 of the Resolution by which a petition for extradition is decided:**

*An order for the arrest of Mr. Caicedo Barragán for these charges was issued May 25, 2007 by order of the above*



Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
C.C. 52 252.613
Resolución 0526 del 11
de Junio de 2007 ...

11

*mentioned court. Such a detention remains in force and effect.*

*(...)*

*All actions perpetrated by this subject occurred after December 17, 1997..."*

4. Whereas, according to the terms of Article 514 of Law 600, 2000, the Ministry of External Affairs, through its Legal Office, through Communication OAJ.E. N° 1755 dated August 29, 2008, stated that:

"*.. since there is no agreement applicable to this case, it is in order to act according to the terms of the Colombian Criminal Code..."*

5. Whereas, the Ministry of the Interior and of Justice, through communication N° 26518 of September 4, 2008, forwarded the translated and legalized documentation to the Criminal Cassation Court of the Hon. Supreme Court of Justice, with which the Embassy of the United States of America in our country formalized the application for the extradition of the Colombian citizen **FELIPE CAICEDO BARRAGÁN** for the issuance of the respective concept.

6. Whereas, the Criminal Cassation Court of the Hon. Supreme Court of Justice through decision of March 4, 2009, having found that the requirements were applicable to this



Meryam Adam Jiménez

case, issued its favorable opinion for the extradition of the citizen **FELIPE CAICEDO BARRAGÁN.**

On the above, the Hon. Court stated:

*"3.1. As per the criminal laws of the United States Code taken into account for this matter, the punishment for the conducts perpetrated by FELIPE CAICEDO BARRAGÁN is "life imprisonment", which his forbidden in Colombia by Article 34 of our Constitution. Thus, should the Government of Colombia accept this concept, it must condition the surrender to the assurance that such punishment shall not be imposed; that the subject will not be tried in any case for conducts other than those which gave rise to this extradition request; that if he is convicted he will not be subject to cruel, inhuman or degrading punishments or to the death penalty.*

*3.2. Likewise, the Court reiterates that in order for the National Government to preserve the fundamental rights of the accused,*



*the Requisitioning State must guarantee the return of the subject to this country of origin, with dignity and respect for the human being, should he be acquitted, declared not*



Meryam Adam Jiménez

*guilty or similar, or his legal situation in the Requisitioning country by finally resolved, even after his release once he has served the time imposed by the sentence caused by the charges that led to his extradition.*

*3.3 Furthermore, the Government must also warn the requisitioning Government that the subject has been held in custody as a part of this proceeding.*

*3.4. In addition, the National Government must subordinate the delivery of **FELIPE CAICEDO BARRAGÁN** to the assurance - as for any other citizen in similar conditions - of provision of every right to which a defendant is entitled, specifically to the right of a public proceeding without unjustified delay; the presumption of innocence; the availability of an interpreter; a defender appointed by him or by the State; to be granted appropriate time and the means to prepare his defense; to submit evidence and to dispute the evidence presented against him; to be entitled to dignified imprisonment; that any potential sentence be imposed only on his person; that the sentence be subject to appeal in a higher court; that the punishment of imprisonment be imposed with the basic purpose of reform and readjustment to society (Articles 29 of the Constitution; 9 and 10 of the Universal Declaration of Human Rights; 5-3.6, 7-2.5, 8-1.2(a) (b) (c)*



Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
c.c. 52.252.613
Resolución 0526 del 11
de Junio de 2002 del Min. Justicia

*(d) (e) (f) (g) (h).3.4.5, 9 of the American Convention on Human Rights; 9-2.3, 10-1.2.3, 14-1.2.3,5, and 15 of the International Covenant on Civil and Political Rights).*

*The government must also condition the delivery to the provision by the requiring state, in accordance with its internal policies on the matter, of rational and real possibilities for the extradited individual to have regular contact with his closest family members, considering the fact that Article 42 of the Constitution of 1991 recognizes the family as the central nucleus of society, guarantees its protection and recognizes its honor, dignity and privacy, which is reinforced by means of the additional protection granted to said nucleus by the American Convention on Human Rights (Article 17) and the International Covenant on Civil and Political Rights (Article 23).*

*The foregoing is pursuant to the responsibility of the State to fulfill its obligation to protect the rights of the Colombian citizen extradited, as it is the mission of the Government through the scope of competency of the corresponding agencies, and to ensure compliance with the aforementioned conditions in the requiring state (Articles 9 and 226 of the Constitution). Thus, in the first place, the diplomatic corps, specifically, the various consular offices,*



Meryam Adam Jiménez

15

*with the support of the Office of the Solicitor General of the Nation (Article 277 of the Constitution) and the Office of the Ombudsman (Article 282 ibid), shall provide periodic reports to the Court, according to the principle of harmonious cooperation between the different Public Powers (Article 113 of the Constitution),*



*in order to provide all bodies involved with information to allow them to assess the advisability of favoring external jurisdictions over the internal one.*

*3.5 By virtue of the provisions of paragraph 2, Article 189 of the Constitution, the Government, headed by the President of the Republic as the supreme director of foreign policy and international relations, is responsible for strictly monitoring compliance with the conditions imposed, and to establish the consequences of failure to do so.*

***4. Final Conclusion:***

*By virtue of the foregoing, the CRIMINAL CASSATION DIVISION of the SUPREME COURT OF JUSTICE gives a FAVORABLE OPINION for the extradition of **FELIPE CAICEDO BARRAGÁN**, holder of Colombian ID card no. 6.499.496 issued in Tuluá (V), as*



Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
c.c. 52.252.613
Resolución 0526 del 11
de Junio de 2002

*requested via diplomatic means by the Government of the United States regarding the criminal counts (sic) against CAICEDO BARRAGÁN in second superseding indictment No. CR140601-JAH (sic) dictated May 25, 2007 in the District Court of the United States for the Southern District of California.*

7. Whereas, according to the provisions of Article 519 of Law 600, 2000, the negative concept of the Supreme Court of Justice will bind the Government; but should it be favorable, the Government is free to act according to the national convenience.

Although the Supreme Court of Justice indicated the indictment as number CR140601-JAH in its concept, the correct indictment number is 06CR1401-JAH.

Therefore, and attending to the opinion of the Criminal Cassation Court of the H. Supreme Court, regarding compliance with the requirements demanded by law for the request of extradition for the charges laid for this citizen and in the absence of limitations to grant such extradition, the Government shall grant the extradition of the Colombian citizen **FELIPE CAICEDO BARRAGÁN**, holder of Colombian I.D. N° 6.499.496 to stand trial for **Count One:** *(Conspiracy to possess with intent to distribute five or more kilograms of a*



Meryam Adam Jiménez
c.c. 52.232.613
Resolución 0525 del 11
de Junio de 2002

*controlled substance (cocaine) on board a vessel subject to the jurisdiction of the United States and aiding and abetting such crime)* referred to in second superseding indictment No. 06CR1401-JAH dictated May 25, 2007 in the District Court of the United States for the Southern District of California.

**RESOLUTION N° 096**

**PAGE 5 of the Resolution by which a petition for extradition is decided:**

8. Whereas, the Colombian Government may subordinate the granting of extradition to such conditions as it may see fit and, in any case, should the extradition be granted, it must demand that the Requiring State ensure that the subject will not be tried for a prior act other than that originating the request for extradition, nor may he be subject to punishment other than that imposed on the crime for which he is convicted, as required by paragraph 1st. Article 512 of Law 600/2000.

9. Whereas, Paragraph 2nd of Article 512 of Law 600/2000 establishes that whenever the legislation of the requisitioning State requires the application of the death penalty to the crime which originated the extradition, delivery may be made on the condition that such sentence will be commuted.

Traductora Oficial
Inglés - Español / Español - Inglés
Meryam Adam Jiménez
C.C. 52.252.613
Resolución 0526 del 11
de Junio de 2002 [illegible]

18

The Hon. Constitutional Court, through Sentence C-1106 issued August 24, 2000, when deciding on a claim of unconstitutionality involving, among others, Article 550 of the prior Criminal Procedures Code (Article 512 of Law 600 of 2000, current Article 494 of Law 906 of 2004), stated:

*Third: Declare paragraph first of Article 550 of the Criminal Procedures Code **CONSTITUTIONAL**, as well as paragraph second of the same, the latter in the understanding that whenever the death sentence is applicable to the crime leading to the extradition in the requiring state, the person required to be extradited shall only be surrendered if such punishment is commuted, **and also with the assurance that the subject shall not be subject to forced disappearance, torture or cruel, inhuman or degrading treatment nor to exile, life imprisonment and confiscation**, as per the provisions of Articles 11, 12 and 34 of the Political Constitution".*

Since the crimes referred to in the formal request do not carry the death penalty, the Colombian government will allow surrender of this citizen with the commitment on the part of the requiring country regarding the compliance with the other conditions indicated by this regulation, in particular, that he will not be sentenced to life imprisonment, which is prohibited in Colombian legislation.



Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
c.c. 52.252.613
Resolución 0526 del 11
de Junio de 2002

RESOLUTION N° 096

**PAGE 6 of the Resolution by which a petition for extradition is decided:**

The docket indicates that citizen **FELIPE CAICEDO BARRAGÁN** was previously in custody upon orders of the Attorney General of the Nation for the purpose of this extradition proceeding, so should he wish to accredit this situation and have it validated abroad, he may request a certificate to that effect from the Attorney General's Office, which is the competent authority for its issuance.

In any case, the Direction of International Affairs of the Attorney General shall forward the certificate of the time served in prison by the required citizen as a part of the extradition proceeding to the Office of the General Direction of Consular Affairs and Colombian Communities Abroad at the Ministry of External Affairs, so the corresponding Consul is made aware of this situation.

Finally, a copy of this decision shall be forwarded to the Office of the General Direction of Consular Affairs and Colombian Communities Abroad at the Ministry of External Affairs for the purposes indicated in Presidential Directive No. 07 of 2005 and in accordance with the indications of the Supreme Court included in the concept issued regarding this

Traductora Oficial
Inglés-Español/Español-Inglés
Meryam Adam Jiménez
C.C. 52.252.613
Resolución 0528 del 11
de Junio de 200?

matter.

Therefore it is hereby,

**RESOLVED:**

**ARTICLE 1.** To grant the extradition of the Colombian citizen **FELIPE CAICEDO BARRAGÁN,** holder of Colombian I.D. N° 6.499.496 to stand trial for **Count One:** *(Conspiracy to possess with intent to distribute five or more kilograms of a controlled substance (cocaine) on board a vessel subject to the jurisdiction of the United States and aiding and abetting such crime)* referred to in second superseding indictment No. 06CR1401-JAH dictated May 25, 2007 in the District Court of the United States for the Southern District of California.

**ARTICLE 2.** Order the surrender of citizen **FELIPE CAICEDO BARRAGÁN** with the commitment on the part of the Requiring State regarding compliance with the conditions referred to in numeral 2 of Article 512 of Law 600/2000, prior decision of the H. Constitutional Court issued in Sentence C-1106 on August 24, 2000.

**ARTICLE 3.** The requiring State will be advised that the extradited citizen may not be tried or convicted for any prior act other than that which was the reason for this request, in accordance with the terms of the legal and constitutional norms in force, especially paragraph 1,



Inglés - Español
Meryam Adam Jiménez
C.C. 52 2?2.613
Resolución ...
de Junio de 200...

Article 512 of Law 600/2000.

**RESOLUTION N° 096**

**PAGE 7 of the Resolution by which a petition for extradition is decided:**

**ARTICLE 4.** This decision is to be served on the interested party or his attorney, and he is to be informed that an appeal may be filed against it within five (5) days following service of this notice.

**ARTICLE 5.** A copy of this Resolution, subject to enforceability, will be sent to the Legal Office and the Office of the General Direction of Consular Affairs and Colombian Communities Abroad at the Ministry of External Affairs and to the Attorney General, for the issues pertaining to each.

**ARTICLE 6.** This resolution shall be enforceable as of the date of its issuance.

**BE THIS PUBLISHED, COMMUNICATED, SERVED AND OBEYED**

Issued in Bogotá on March 26, 2009

(Signed)

Minister of Interior and Justice, (signed)

FABIO VALENCIA COSSIO"

Diplomatic Note No. 1131 issued May 18, 2009 in English and its corresponding translation into Spanish have been enclosed



Inglés-Español
Meryam Adam Jiménez
c.c. 52.252.613

APOSTILLE NUMBER **AJKJ174510686** WAS ISSUED FOR THIS EXTRADITION RESOLUTION ON 10/9/2009 BY THE MINISTRY OF FOREIGN AFFAIRS CERTIFYING THE SIGNATURE OF MARÍA DEL SERRANO BUENDÍA AS THE SECRETARY GENERAL OF THE INTERIOR AND OF JUSTICE."

**I hereby declare that this is a true translation of one (1) document; that I am well acquainted with the English and Spanish languages; that I am an Official Translator and Interpreter accredited by Resolution number 0036 issued by the Universidad Nacional de Colombia and Resolution 0526 issued by the Ministry of Justice on June 11th, 2.002, and that my signature is registered at the Ministry of Foreign Affairs of Colombia.**

**Bogotá, November 30, 2009**

Traductora Oficial
Inglés - Español / Español - Inglés
Meryam Adam Jiménez
c.c. 52 252.613
Resolución 0526 del 11 de Junio de 2002 - Ministerio

**MERYAM ADAM**
**ID Card No. 52.252.613 issued in Bogotá**

PROOF OF SERVICE

I, MARIA RIVAS HAMAR, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 9454 Wilshire Blvd, PH, Beverly Hills, CA 90212.

On June 1, 2010,I electronically filed the Notice of Filing on behalf of the Consulate of Colombia of Extraditions documents to all attorneys of record on the electronic filing list of the court in this matter. I also mailed a courtesy copy to the Judge's chambers.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed on the above stated date at Beverly Hills, California.

/s/ Maria Rivas Hamar

/s/MARIA RIVAS HAMAR